

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 6, 1950

Hon. J. E. McDonald
Commissioner of Agriculture
Austin, T e x a s

Opinion No. V-1102

Re: Legality of defraying
travel expenses for Seed
Laboratory work from
funds appropriated by
Senate Bill 34, Acts 51st
Leg., 1st C.S. 1950.

Dear Sir:

Your request for an opinion relates to Senate Bill 34, Acts 51st Leg., 1st C.S. 1950, ch. 31, p. 95, which contains an appropriation of $6,000 as an addition to the sums appropriated to the State Department of Agriculture by House Bill 322, Acts 51st Leg., R.S. 1949, ch. 615, p. 1208. Specifically you ask whether the traveling expenses of an employee of the State Department of Agriculture can be paid from the $6,000 appropriation made by S.B. 34.

We are verbally informed by the Chief Clerk of the Department of Agriculture that the employee in question is a field seed inspector hired under Item 28 of the General Appropriation Bill (H.B. 322, Acts 51st Leg., R.S. 1949, ch. 615, p. 1208).

The Department of Agriculture section of General Appropriation Bill contains the following appropriations:

| | For the years ending | |
| | August 31, 1950 | August 31, 1951 |
| --- | --- | --- |
| "Out of Seed Laboratory Fees (Chapter 551, Section 10, H.B. 420, Regular Session of the 47th Legislature) | | |
| "28. Inspectors, office assistants, assistant seed analysts, none to exceed $2,640 per year . . . | 21,120.00 | 21,120.00 |

" . . .

"30.  Postage, printing, repairs,
equipment, supplies, traveling
expense, salaries, and con-
tingent  . . . . . . . . . . . . . .   9,000.00  9,000.00 "

Senate Bill 34 was subsequently enacted on March 17,
1950.  The caption to such bill declares it to be "An Act mak-
ing an additional appropriation to the State Department of Agri-
culture for the biennium ending August 31, 1951, from the Special
Pure Feed Fund and out of Seed Laboratory Fees."

The Act specifically provides:

"Section 1.  There is hereby appropriated to
the State Department of Agriculture for the bien-
nium ending August 31, 1951, in addition to the
sums appropriated by House Bill No. 322, Acts
51st Legislature, Regular Session, 1949, to be
expended for the purposes set out herein, the
sums herein specified or so much thereof as
may be necessary.

" . . .

"OUT OF SEED LABORATORY FEES:  To
pay inspectors, office assistants, assistant seed
analysts, Seed Laboratory Division, none to ex-
ceed Two Thousand Six Hundred Forty ($2,640.00)
Dollars per year, the sum of Three Thousand
($3,000.00) Dollars; and to pay postage, printing,
repairs, equipment, supplies, traveling expenses,
salaries, and contingent, the sum of Six Thousand
($6,000.00) Dollars.

"Sec. 2.  The fact that the State Department of
Agriculture urgently needs the funds appropriated
herein to more effectively conduct its work on be-
half of the farmers of this State creates an emergency
and an imperative public necessity that the Constitu-
tional Rule requiring that bills be read on three sev-
eral days in each House be suspended; and said Rule
is hereby suspended, and this Act shall take effect
and be in force from and after its passage, and it is
so enacted."

The problem is one of statutory construction. Your department is of the opinion that the $6,000 granted in Senate Bill 34 is a supplemental appropriation to Item 30. Your request states the Comptroller of Public Accounts is of the opinion that such $6,000 can only pay expenses incurred by personnel whose salaries are paid from the Senate Bill 34 appropriation. This difference of interpretation indicates an ambiguity in that the language in Senate Bill 34 does not specifically declare whether or not this $6,000 was a supplemental grant to Item 30. Where a statute is susceptible of more than one construction, resort may be had to the canons of construction if it becomes necessary to construe or interpret the legislative intent of such ambiguous statute. 39 Tex.Jur. 160, Statutes, Sec. 88.

It is stated in Volume 39 of Texas Jurisprudence at page 166 that "the intention of the Legislature in enacting a law is the law itself." Therefore, the intent of the Legislature must be ascertained; that is, just what the Legislature intended Senate Bill 34 to accomplish and how it intended that the Department of Agriculture use this $6,000 appropriation. If there is uncertainty as to how Senate Bill 34 should be construed, all the circumstances surrounding the passage of the bill must be considered. The rule is stated in Corpus Juris (Vol. 59, p. 958):

"While the intent of the Legislature is to be found primarily in language of the statute,where such language is vague, ambiguous, or uncertain, the court may look, not only to language but to the subject matter of the act, the object to be accomplished, or the purpose to be subserved; it may also look in this connection to the expediency of the act, or its occasion and necessity, the remedy provided, the condition of the country to be affected by the act, the consequences following upon its enactment, or various extrinsic matters which throw some light on the legislative intent. Logic and sound economic principles may serve as a guide to the legislative intent."

Also, in connection with determining the legislative intent of Senate Bill 34, it is important to note that such bill and the General Appropriation Bill are in relation to the same subject matter and are, therefore, governed by the in pari materia rule of construction. This rule, as stated in Corpus Juris (Vol. 59, p. 1042), requires that "in the construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same

subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although they were enacted at different times." Texas Jurisprudence (Vol. 39, p. 253) states that the rule is applied so that any conflict between the provisions of the statutes will be harmonized and effect will be given to all provisions of each act if they can be made to stand together and have concurrent efficacy and declares that such rule "proceeds upon the supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions."

In the General Appropriation Bill the Legislature appropriated $9,000 per year for each of two years, one ending August 31, 1950, the second ending August 31, 1951, such fund to be used by the persons employed under Item 28 to pay for "postage, printing, repairs, equipment, supplies, traveling expense, salaries, and contingent." When the events and reasons causing the passage of Senate Bill 34 are investigated and determined, and when the in pari materia rule of construction is applied, it would appear that the Legislature intended that this $6,000 appropriation was to be a supplemental appropriation to Item No. 30 in the Department of Agriculture section of the General Appropriation Bill and that such $6,000 was to be used by those persons employed under Item 28 for traveling expenses, postage, printing, etc. It is apparent from the emergency clause of Senate Bill 34 that the Legislature recognized "that the State Department of Agriculture urgently needs the funds appropriated herein to more effectively conduct its work on behalf of the farmers of this State."

An examination of the file accompanying your request reflects that in January of this year you requested the Legislature to grant a supplemental appropriation to the Seed Laboratory Division. Such request stated:

" . . . additional funds are needed in the following particular line appropriations of the current appropriation bill.

SEED LABORATORY DIVISION

| Item No. 28: | $ 3,000.00 |
| Item No. 30: | 6,408.62 " |

You have indicated that the Comptroller is of the opinion that a transfer of this $6,000 granted in Senate Bill 34 to Item No. 30 would violate Section 2(15)b of the General Appropriation Bill, which provides:

"The appropriations herein provided are to be construed as the maximum sums to be appropriated to and for the several purposes named herein, and the amounts are intended to cover, and shall cover the entire cost of the respective items and the same shall not be supplemented from any other sources;
. . ."

As noted above, the most reasonable construction of Senate Bill 34 is that the $6,000 appropriated therein was to supplement Item No. 30; that is, the Legislature, in called session, decided that the prior appropriation in Item 30 was inadequate and allotted $6,000 to this fund. The Legislature has the sole constitutional power to "provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution." Tex. Const. Art. III, Sec. 44. The Legislature in its Regular Session in 1949 appropriated $9,000 per year to Item 30 and stated in Section 2(15)b of the General Appropriation Bill that "the same shall not be supplemented from any other sources." In the First Called Session in 1950, the Legislature enacted Senate Bill 34 to supplement Item 30 with a $6,000 appropriation. This body is the sole constitutionally empowered authority to do such and it could by any subsequent statute either increase or entirely abolish the prior appropriation. If this were not true, the Legislature would be without power to effectively deal with an emergency situation wherein the fund granted in the General Appropriation Bill was determined to be inadequate and additional funds were urgently needed to allow State employees to efficiently perform their duties. Therefore, it would be a most unreasonable construction of Section 2(15)b of the General Appropriation Bill to hold that such section prohibited the Comptroller of Public Accounts from transferring the $6,000 appropriated in Senate Bill 34 to Item 30 once it has been determined that the Legislature intended to so supplement such Item 30 when it enacted Senate Bill 34.

## SUMMARY

Senate Bill 34, Acts 51st Leg., 1st C.S. 1950, ch. 31, p. 95, contains a $6,000 supplemental appropriation to be added to Item 30 of the State Department of Agriculture section of the General Appropriation Bill (Acts 51st Leg., R.S. 1949, ch. 615, p. 1208). Traveling expenses of a field seed inspector hired under Item 28 of the Department of Agriculture section of the General Appropriation Bill may be paid from such $6,000 supplemental appropriation.

Very truly yours,

APPROVED:

Willis E. Gresham
Antitrust Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

PRICE DANIEL
Attorney General.

By *Walton S Roberts*

Walton S. Roberts
    Assistant

WSR:v